IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**BOBBY SERTON**                                                                                                              **PLAINTIFF**

**V.**                                                                                      **CAUSE NO. 4:09-CV-00162-CWR-LRA**

**LOCKHEED MARTIN CORPORATION**                                                                      **DEFENDANT**

**ORDER GRANTING SUMMARY JUDGMENT**

The above-styled matter is before the Court on the Defendant's Motion for Summary Judgment [Docket No. 18]. After considering the briefs of both parties and the evidence submitted alongside the same, the Court concludes that the motion must be granted.

**I. Background**

From January 1984 to January 1998, the plaintiff, Bobby Serton (hereinafter "Serton"), worked as an hourly employee at the Meridian, Miss., facility of the defendant, the Lockheed Martin Corporation (hereinafter "Lockheed Martin"). During that time, Serton participated in the Lockheed Martin Corporation Retirement Plan for Certain Hourly Employees (hereinafter "the Plan"). *See* Exhibit B to Defendant's Motion for Summary Judgment [Docket No. 18-2]. Among the benefits included is a provision for disability benefits that can commence at any age so long as the employee meets certain criteria.

After Serton suffered a back injury in June 1997, he left Lockheed Martin in January 1998. Serton applied for disability benefits under the plan on January 30, 1998. *See* Exhibit A to Defendant's Motion for Summary Judgment [Docket No. 18-1] at 5-7 (Serton Deposition at 10-12). According to Lockheed Martin, it mailed Serton notice of his application's denial on or about February 12, 1998.

1

Serton testified at his deposition that he "do[es]n't recall receiving" that notice, although "I'm not saying I didn't get it." Serton Depo. at 15-16. Serton argues that because he never received information regarding the procedure for appeals from Lockheed Martin's decision, he never appealed. Serton Depo. at 16-17. In fact, he claimed to have learned of the procedures for the first time on the date of his deposition. Serton Depo. at 16.

On November 29, 2009, Serton filed suit in United States District Court for the Southern District of Mississippi for a cause of action styled "breach of contract." Amended Complaint [Docket No. 2] at 2. Serton claims that "he is entitled to recover all past due benefits due him under the terms of the Defendant's Plan and seeks to enforce his rights under the Plan" Am. Comp. at 2. Serton also seeks a declaratory judgment holding "that he is entitled to future benefits under the terms of the plan and the amount of such benefits to which he is entitled." Am. Comp. at 2.

Lockheed Martin moved [Docket No. 18] for summary judgment on March 25, 2011. Specifically, Lockheed Martin argues that it is entitled to judgment as a matter of law on Serton's claim[1] for three separate reasons: (1.) Serton's failure to exhaust his administrative remedies, (2.)

---

[1] As an initial matter, Lockheed Martin argues that Serton's claim is, in truth, an ERISA action. Lockheed Martin contends that under federal law, ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any benefit plan . . . ." 29 U.S.C. § 1144(a). See also Aetna Health, Inc. v. Davila, 542 U.S. 200, 209 (2004)("[A]ny state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."). Serton does not contest this point in his Response [Docket No. 26], and in his supporting memorandum, Serton implicitly concedes the point, as he must, by framing his claim as one arising under ERISA. See Plaintiff's Memorandum in Opposition [Docket No. 27] at 5. The Court is satisfied that the parties agree on the point and therefore evaluates the matter at bar as an ERISA case. And even if they did not agree, this Court still would find that the claim alleged is one which is federal in character since it implicates ERISA's civil enforcement scheme. Stated another way, the state civil complaint is completely preempted by ERISA's

Serton's failure to file suit before the close of the limitations period, and (3.) the equitable doctrine of laches.

The first and second of these arguments render answers so clear as to warrant attention exclusive to the third.

## II.  Legal Standards

The clarity of these answers is not obscured by the demanding standard by which courts evaluate motions for summary judgment. Although such motions are filed frequently, not every case is suitable for that disposition. Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When confronted with these motions, this Court focuses on "genuine" issues of "material" facts. An issue is genuine "if the evidence supporting its resolution in favor of the party opposing summary judgement, together with an inference in such party's favor that the evidence allows would be sufficient to support a verdict in favor of the party." *Zisman v. Mason*, 2008 WL 879726, *3 (S.D. Miss. 2008) (citing *Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987). A fact is material if it is one which might affect the outcome of the suit under the governing law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). Factual disputes that are irrelevant or unnecessary will not be considered. *Id*. Likewise, unsubstantiated assertions are not competent summary judgment evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994).

---

enforcement provisions. *Lone Star OB/GYN Assoc. v. AETNA Health Inc.*, 579 F.3d 525, 529 (5th Cir. 2009).

The jury has the responsibility to assess the probative value of the evidence. As a consequence, a court must step back and refrain from making credibility determinations, and it must not weigh evidence or draw from the facts legitimate inferences for the movant. *Strong v. Dept. of Army*, 414 F. Supp. 2d 625, 628 (S.D. Miss. 2005). This Court is ever mindful that although a useful device, summary judgment "must be employed cautiously because it is a final adjudication on the merits." *Jackson v. Cain*, 865 F.2d 1235, 1241 (5th Cir. 1989). But where the relevant facts are not in dispute, summary disposition is appropriate. *See, e.g., Smith v. Brookhaven Sch. Dist.*, 2011 WL 2436146, *2 (S.D. Miss. June 14, 2011).

### III.  Analysis

**Failure to Exhaust**

And although the appropriateness of summary judgment necessarily must be addressed on a case-by-case basis, some legal requirements are mandatory on every member of a species of claim. For example, the Fifth Circuit "requires that claimants seeking benefits from an ERISA plan must first exhaust available administrative remedies under the plan before bringing suit to recover benefits." *Bourgeois v. Pension Plan for Emp. of Santa Fe Int'l Corps.*, 215 F.3d 475, 479 (5th Cir. 2000). *See also Smith v. Unum Life Ins. Co. of Am.*, 2008 WL 4549717, **5-8 (S.D. Miss. 2008) (discussing the exhaustion requirement within the context of ERISA). As Serton correctly contends, a plaintiff need not exhaust his administrative remedies in a case "where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would be a patently futile course of action." *Hessbrook v. Lennon*, 777 F.2d 999, 1003 (5th Cir. 1985). And with this principle in mind, Serton argues that because he does not remember receiving the letter that outlined his

appeal procedures, *see* Serton Depo. at 15-16, he "was never made aware of the appeal procedures for the denial of his claim," Pl. Memo at 5, and an administrative remedy was practically unavailable to him. To the point, Serton argues that "[p]rocedures of which a Party is unaware[ ] are by definition unavailable."

But Serton cites no authority standing for this broad proposition, and after deliberate research on the question, the Court remains similarly unaware of any. Moreover, Serton's "I don't remember receiving the letter" response is not the type of evidence sufficient to rebut a proper motion for summary judgment. *See Grainger v. Meritain, Inc.*, 2011 WL 824484, *3 (S.D. Miss. March 2, 2011) ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial.") (citations omitted). *See also Celotex v. Catrett*, 477 U. S. 317, 324 (1986) (movant for summary judgment need only point to an absence of proof on nonmovant's part as movant is not required to prove a negative).

Therefore, the Court agrees with Lockheed Martin that Serton failed to exhaust his available administrative remedies.

**Statute of Limitations**

But even if the Court were not comfortable with that conclusion, Serton still could not be permitted to proceed because of the enormous lapse of time from the date his claim was denied to that on which he filed his Complaint in federal court.

Lockheed Martin and Serton agree that because ERISA contains no statute of limitations, the proper limitations period is that of Mississippi's most comparable state-law cause of action. *Harris Methodist Fort Worth v. Sales Support Servs. Inc. Empl. Health Care Plan*, 426 F.3d 330,

333 (5th Cir. 2005). Likewise, the parties agree that the three-year statute of limitations applicable to breach-of-contract actions should govern Serton's claim. *See Whitaker v. Limeco Corp.*, 32 So. 3d 429, 433 (Miss. 2010). And the parties further agree that Serton's claim is subject to the "discovery rule" and, therefore, that Serton's claim "accrue[d] upon a clear repudiation by the plan that is known, or should be known, to the plaintiff . . . ." *Carey v. Int'l Bhd. of Elec. Workers Local 363 Pension Plan*, 201 F.3d 44, 48 (2nd Cir. 1999). *See also Med. Mut. of Ohio v. k. Amalia Enter., Inc.*, 548 F.3d 383, 391 (6th Cir. 2008).

But Lockheed Martin and Serton differ as to whether Serton should have known that his action accrued in February 1998. "[F]or purposes of ERISA a cause of action does not accrue until an application is denied." *Paris v. Profit Sharing Plan for Empl. of Howard B. Wolf, Inc.*, 637 F.2d 357, 361 (5th Cir. 1981). Therefore, in Lockheed Martin's view, the limitations period governing Serton's claim began to run when it denied his claim in February 1998 and expired at some point in February 2001.

But Serton argues that if he never received notice of the denial of his claim, then he could not have been aware that his cause of action had accrued. In Serton's view, "Lockheed's argument subsumes that Serton[ ] knew, or should have known[,] that his claim for benefits was denied." Pl. Memo at 6.

Mississippi recognizes a discovery rule but adheres to a general principle that "[p]laintiffs must exercise reasonable diligence in determining whether an injury suffered is actionable." *Blailock ex rel. Blailock v. Hubbs*, 919 So. 2d 126, 130 (Miss. 2005). "The discovery rule's purpose is to protect plaintiffs who *cannot*, through reasonable diligence, discovery injuries done to them." *Id.* at 131 (quotation omitted) (emphasis added). The discovery rule therefore does not

6

toll the statute of limitations for plaintiffs who merely *do not* discover their cause of action but, rather, those whose reasonably diligent effort to do so was unsuccessful.

Moreover, even if a plaintiff is unaware at the time of the defendant's conduct that a cause of action has accrued, the discovery rule only tolls the statute of limitations until a point in time when, through the exercise of reasonable diligence, the plaintiff "should have reasonably known of some [actionable] conduct, even if the plaintiff does not know with absolute certainty that the conduct was legally [actionable]." *Wayne Gen'l Hosp. v. Hayes*, 868 So. 2d 997, 1000-01 (Miss. 2004).

Serton avers that, at the time that Lockheed Martin asserts it sent his claim denial, he was undergoing "a contentious divorce," Pl. Memo at 2, and that his wife "*could have* kept the written notification of denial from Serton, or inadvertently disposed of it." Pl. Memo at 3 (emphasis added). Moreover, Serton represents that he was incarcerated for contempt from September 1999 to August 2002, during which time he "was unable to act upon his application for benefits . . . and can be forgiven for concentrating on other matters during his incarceration and following his release." Pl. Memo at 3. Again, Serton offers no authority for this position.

As a general proposition, "[a]pplication of the discovery rule is a fact-intensive process." *Sarris v. Smith*, 782 So. 2d 721, 725 (Miss. 2001). Undoubtedly, when evaluating a motion for summary judgment, a court should never substitute its own judgment for that of jurors, but this is particularly true within the context of the discovery rule. So long as the evidence creates a genuine issue of material fact, then that issue – even one of which resolution seems to the court an easy question – should be submitted to a properly impaneled and duly deliberative jury. But Serton's mere speculation and unsubstantiated assertions about when or whether he received the

7

denial letter and what might have happened to it does not even create a reasonable issue of material fact as to whether he actually received Lockheed Martin's notice. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (holding that when party defends against a motion for summary judgment, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden."); *Grainger*, 2011 WL 824484 at *3.

But that is not the question before the Court. The question is whether, within the three years following Lockheed Martin's denial, Serton exercised reasonable diligence to learn what had become of his application. Serton has offered no proof at all to support the conclusion that he exercised any degree of diligence, much less a reasonable one, to uncover the application's fate.

The Fifth Circuit has held that, under Mississippi law, "the plaintiff must, as the proponent of a defense to the state statute of limitation, carry [his] burden to prove that [he] is entitled to the benefit of the discovery rule." *Barnes ex rel. Barnes v. Koppers, Inc.*, 534 F.3d 357, 365 (5th Cir. 2008). And if any piece of substantial evidence existed on which a reasonable jury could rest a conclusion that Serton exercised reasonable diligence in a failed effort to discover his application's fate, then summary judgment would be inappropriate.

However, because the record is devoid of evidence showing that Serton did so, the discovery rule is inapplicable to the case at bar.[2] Therefore, the three-year limitations period expired prior to the institution of Serton's suit.

---

[2] Even if the discovery rule operated to toll the statute of limitations for a portion of the 12-year interim between Serton's application for benefits and his institution of the instant suit, Serton has offered no argument compelling a conclusion that the injury should not have been discovered until some date within three years of the Complaint's filing on November 24, 2009.

For that reason, as well as for Serton's failure to exhaust his available administrative remedies, Lockheed Martin is entitled to judgment as a matter of law.

## IV. Conclusion

There are no genuine issues of material fact that require the attention of a jury. The Defendant's motion for summary judgment [Docket No. 18] is hereby **GRANTED**.

A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this Twenty-Second day of June 2011.

                                      /s/ *Carlton W. Reeves*
                                    Hon. Carlton W. Reeves
                                    United States District Court Judge